In the Matter of the Petition of WASHINGTON F. NORTON and
Others, for a Construction of the Last Will and Testament of
ANTOINETTE SAMMIS, Deceased.

Surrogate's Court, Suffolk County, August 13, 1928.

**Wills — construction — devise held invalid in part on ground of unlawful
suspension of power of alienation — illegal provision stricken out —
devisees had no power of appointment — share of one devisee, who died
before distribution, passes to surviving devisees.**

Testatrix by her will devised her property in trust for her six daughters with power
in the executors to sell the property, with the exception of the homestead and
the personal property therein.   That part of the will excepting the homestead
and the personal property from sale and devising that part of it to four daughters
to be used by them, unlawfully suspends the power of alienation and is invalid.

But that part of the will may be stricken out without destroying the entire struc-
ture, and, when so stricken out, the executors will have full power of disposition
and distribution in accordance with the scheme of the testatrix to leave her
property to her daughters.

The will provided that if, at the time of distribution, any of the daughters of the
testatrix should not be living, then the share of the said daughter should be paid
to her surviving sisters unless she should leave heirs surviving.   Two of the
daughters died before the date of distribution, leaving wills purporting to devise
their property.   Those wills did not pass any of the estate of the testatrix since
she did not give her daughters the power of appointment.

One of the daughters who died left her surviving three children.   Those children
are entitled to the share of their mother, but have no right in the share of the
other daughter who died prior to distribution, but that share passes to the sur-
viving sisters.

PROCEEDING for construction of a will.

*Harry Paul Fishel* [*Robert T. Oliver* of counsel], for the petitioners.

PELLETREAU, S.   I am asked to construe the will of Antoinette
Sammis.   She died July 28, 1902, survived by six daughters, her
only heirs at law and next of kin.   She was possessed of valuable
real and personal property, and left a will probated August 12,
1902.   Letters testamentary were duly issued to the executors
therein named, they qualified and continued as trustees as in the
will directed.

About March 29, 1904, one of the daughters, Emeline Norton,
died survived by her husband, Washington F. Norton, and three
children, Dudley S. Norton, Emelyn N. Hasbrouck and Helen
N. Weeks.

About May 27, 1910, another daughter, Blanche B. Sammis,
married Charles G. Williams.   She died without issue about August
14, 1912.

Of the six daughters of Antoinette Sammis, four are now living,

to wit, Louise A. Sammis, Antoinette H. Sammis, Sarah Elizabeth Sammis and Madeleine Sammis. It is immaterial to this issue, but I may say in passing that Emeline W. Norton left a will which was duly probated, giving all her property to her husband, Washington F. Norton, and that the said Blanche B. Williams likewise left a will duly probated, giving all her interest in her mother's estate to her four surviving sisters, Antoinette H. Sammis, Louise A. Sammis, Sarah E. Sammis and Madeleine Sammis, aforesaid.

The 3d, 4th, 5th and 6th paragraphs of the will of Antoinette Sammis read as follows:

" It is my Will and I so direct that until my said real estate is sold that my Executors hereafter named have exclusive charge and control thereof and of leasing of such lands, and that from the income or rent derived therefrom, they retain a sufficient sum to meet all expenses of said realty and the buildings and improvements thereon, including interest money, taxes, repairs, insurance, and also such part of such income as may form a ' Sinking fund ' with which to cancel any and all liens upon such real estate or any part thereof, including interest, taxes, repairs and insurance, and the balance thereof, and the income derived from my personal estate, the household goods and furniture in my homestead being excluded, be divided into six equal parts and one of said parts be paid to each of my daughters Emeline Norton, Louise A. Sammis, Antionette H. Sammis, Sarah Elizabeth Sammis, Blanche B. Sammis and Madeleine Sammis, on the first day of each month to whom I severally bequeath the same.

" It is my Will, and I expressly order and direct that the homestead now occupied by me and all the goods and furniture therein and thereon be held by my executors hereinafter named, in trust for the exclusive use and occupancy of such of my daughters as may be unmarried at the time of my decease, as their home and to be so held and used by my said daughters or daughter during her or their celibacy, all expense incident to such home in keeping up the house and land, including taxes, insurance and repairs, I make an express charge upon the balance of the property hereinbefore made a trust estate, and on the termination of the said use of my home and homestead, the same shall form a part of my residuary estate and be divided between my six daughters equally.

" It is my Will, and I so order and direct that in case my said unmarried daughters may desire to have a smaller or less expensive residence for their home in lieu of my said homestead, that my executors hereinafter named, in that event shall sell such homestead and out of the proceeds derived therefrom shall purchase and provide a new home for my said unmarried daughters, to be by them

Surrogate's Court, Suffolk County, August, 1928.        [Vol. 132

held and used free from expense in the same manner as hereinbefore provided and prescribed for their use of said homestead.

"When all my real estate *said homestead excepted* has been sold by my executors hereinafter named, it is my will and I hereby order and direct that all the trust estate then held by my said executors be divided into six equal parts, and one of said parts be paid to each of my daughters hereinbefore named, to whom I bequeath the same. If at the time of such distribution of my estate theretofore held in trust by my said executors either or any of my said daughters be not then living, her or their shares shall be paid over to her or their surviving sisters, unless such deceased daughter or daughters leave heir or heirs of her body surviving, in which event, the share of said deceased daughter shall become the property of such heir or heirs in the same manner as if such daughter had died intestate, having the possession or ownership of such share."

I am of the opinion that the provisions therein, in so far as they relate to the homestead and the household furniture and furnishings and the upkeep thereof, constitute an unlawful suspension of the absolute power of alienation as to those portions of the estate, and that same are illegal and invalid. The suspension of the power of alienation of the homestead and its furniture and furnishings, not being limited to lives in being, is clearly in violation of the law.

There is no suspension of the power of alienation vested in the trustees except as to the homestead and its furniture and furnishings. In my opinion, it is legally possible and practicable to solve the problem by striking from the will of Antoinette Sammis the invalid provisions. The remainder of the will is valid and makes effectual the testamentary scheme of the testatrix.

The invalid provisions in the will are, that portion of paragraph 3 of the will which reads " the household goods and furniture in my homestead being excluded," all of paragraphs 4 and 5 of said will, and that portion of paragraph 6 comprising the words " said homestead excepted." The balance of the will is legal and effective. With the invalid provisions stricken from the will there remains an unqualified power of sale of the entire estate of Mrs. Sammis and clear-cut directions for distribution of principal when all real estate has been sold. The income is disposed of until final distribution.

An examination of the entire will shows the general desire upon the part of Mrs. Sammis to provide for her daughters and the heir or heirs of the body of any daughter who died previous to final distribution of the estate. A trust invalid in part does not make the whole invalid unless the elimination of the invalid portion renders the balance of the will inoperative and not in accord with the wishes of the testator. That is a safe general rule.

The next question which arises is whether or not the grandchildren of Mrs. Sammis share in the portion of the estate which would have been payable to Blanche S. Williams had she lived to the time of final distribution. Mrs. Williams attempted in her will to give such share to her sisters. She had no power of distribution under her mother's will. I am clearly of the opinion that the share of Blanche S. Williams in the estate of her mother went to the children of the testatrix who survived her, that is to her sisters, Louise A. Sammis, Antionette H. Sammis, Sarah Elizabeth Sammis and Madeleine Sammis, and that the three grandchildren of the testatrix, to wit, Dudley S. Norton, Emelyn N. Hasbrouck and Helen N. Weeks, children of the deceased daughter Emeline Norton, were not and are not entitled to share therein. I reach this conclusion from a consideration of paragraph 6 of the will. I do not think the will is capable of any other construction in that relation. In somewhat similar situations the following cases tend to sustain this conclusion: *Mead* v. *Maben* (131 N. Y. 255); *Mullarky* v. *Sullivan* (136 id. 227).

Of course, under the provision of the will so construed, upon the death of Emeline Norton aforesaid, the daughter of the testatrix, a one-sixth interest in the estate vested absolutely in her three surviving children heretofore named, and each was entitled to their proportionate share of the income pending final settlement.

It follows that in the event of the death of any of the four daughters now living, without heirs of her body, prior to final distribution, that the share of such deceased daughter pass to her surviving sisters.

Let decree enter accordingly.